# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Elsie M. Long, individually and as special
administrator for the Estate of Donald A. Long,
Deceased,

                Plaintiff,

    v.

A W Chesterton Company, a corporation,
CBS Corporation, a corporation,
Foster Wheeler Corporation, a corporation,
Garlock Sealing Technologies LLC, a corporation,
General Electric Company, a corporation,
Georgia Pacific, LLC, a corporation,
Owens-Illinois Inc., a corporation, and
Rapid American Corporation, a corporation,

                Defendants.

Case No.

## COMPLAINT

Now comes the plaintiff, Elsie M. Long, (hereinafter "Plaintiff"), individually and as Special

Administrator of the Estate of Donald A. Long (hereinafter "Decedent"), by and through her attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against defendants, A.W Chesterton Company, a

corporation, CBS Corporation, a corporation, Foster Wheeler Corporation, a corporation, Garlock

Sealing Technologies LLC, a corporation, General Electric Company, a corporation, Georgia Pacific,

LLC, a corporation, Owens-Illinois Inc., a corporation, and Rapid American Corporation, a corporation,

as follows:

## JURISDICTION

1.     Plaintiff, Elsie M. Long is the daughter of decedent, Donald A. Long , and resides in Green Bay,
Wisconsin.

2.     Decedent was an adult citizen and resident of Wisconsin.

3.     Decedent passed away on 10/24/2008.

4.     Defendants are all corporations, none of which is incorporated in or has its principal place of

business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5.    Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7.    Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

8.    Decedent during the course of his employment at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, mined, installed or otherwise placed into commerce by defendants.

9.    Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

10.   Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11.   As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with impaired asbestosis.

12.   Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13.    Plaintiff brings this count for negligence against all defendants and incorporates by

reference all general allegations.

14.    It was reasonably foreseeable that decedent and other workers would be working with or

in the proximity of defendants' asbestos products and be exposed to airborne asbestos

fibers.

15.    Defendants had a duty to exercise reasonable care for the safety of decedent and others

who worked with or were exposed to the defendants' asbestos products.

16.    Defendants knew or in the exercise of ordinary or reasonable care ought to have known

asbestos causes disease and or death, and that Decedent did not know that asbestos

products were dangerous or harmful at the time of his exposures.

17.    Each defendant breached its duty of care and was negligent, including without limitation

in one or more of the following acts or omissions:

   a.    Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b.    Failed to warn Decedent or others of the danger and harm of the asbestos after the
         products or equipment were installed at the premises;

   c.    Failed to investigate or test for the health effects of asbestos prior to distribution
         and sale;

   d.    Failed to instruct Decedent, his employers or others in the use of precautionary
         measures relating to asbestos-containing products and/or asbestos-insulated
         equipment; and/or

   e.    Manufactured, supplied, mined, or installed unsafe asbestos-containing products
         or asbestos-insulated equipment.

18.    As a direct and proximate result of the acts and omissions of the product defendants

above, Decedent was diagnosed with asbestosis. Asbestosis is a lung disease that caused

extensive fibrosis and distorted alveoli and restrictive breathing disease in Decedent.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

19. This cause of action is asserted against the manufacturing and supplying defendants.

20. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Decedent.

21. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Decedent and other users and consumers without substantial change in the condition they were in when sold.

22. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

23. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

24. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and

installed by the defendants proximately caused injuries set forth above.

## COUNT III- NEGLIGENCE – PREMISE OWNER

25.    Plaintiff reasserts and realleges the above general allegations 1-12 above.

26.    This claim for negligence is brought against the defendants below as the owners of the premises where Decedent was exposed to asbestos.

    a.    Georgia Pacific LLC.

27.    Defendant was the owner of the premise during the dates and times of Decedent's exposures to asbestos indicated on exhibit B.

28.    The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

29.    When Decedent worked at the premises, defendant knew or should have known about the health hazards of asbestos.

30.    Defendant in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors, such as Decedent, working at the premises.

31.    Defendant knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

32.    As the owner of the premises, defendant owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Decedent.

33.    Defendant breached its duty of care and was negligent by one or more of the following acts or omissions:

    a.    failing to adequately warn Decedent of the dangers of harm from exposure to

asbestos;

b.      failing to instruct Decedent adequately about safety precautions for exposure to asbestos;

c.      failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

d.      failing to adequately test for asbestos where Decedent worked;

e.      employing any contractor which failed to take reasonable precautions against the danger of asbestos;

f.      allowing the use of asbestos containing products at the premises;

g.      failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

34.      As a direct and proximate result of defendant's negligence, Decedent and Plaintiff suffered injuries described in paragraph 18.

## COUNT IV – DECLARATORY JUDGMENT

35.      Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

36.      Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

37.      Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I,

§10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## **WRONGFUL DEATH**

38.    Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 37 above.

39.    Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

## **PRAYER FOR RELIEF**

40.    Plaintiff prays for relief as follows:

    a.    Judgment against defendants, jointly and severally, for compensatory and general damages.

    b.    Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by a jury of 6.


Dated: November 10, 2009


    s/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| A W Chesterton Company | Massachusetts | Massachusetts |
| CBS Corporation | Delaware | Pennsylvania |
| Foster Wheeler Corporation | Pennsylvania | New York |
| Garlock Sealing Technologies LLC | Delaware | New York |
| General Electric Company | New York | Connecticut |
| Georgia-Pacific LLC | Delaware | Georgia |
| Owens-Illinois Inc. | Delaware | Ohio |
| Rapid American Corporation | Delaware | New York |

# EXHIBIT B

Long, Donald A.

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Proctor & Gamble | Green Bay | WI | 1971 | 1978 |
| Point Beach Nuclear Power Station | Kewaunee | WI | 1969 | 1980 |
| Kimberly Clark | Neenah | WI | 1979 | 1983 |
| Nicolet Paper | De Pere | WI | 1979 | 1997 |
| Charmin Paper Mill | Green Bay | WI | 1971 | 1980 |
| Schroeder Hotel / Sheraton Schroede / Marc Plaza / Milwaukee Hilton | Milwaukee | WI | 1965 | 1973 |
| Sturgeon Bay Shipbuilding & Dry Docks | Sturgeon Bay | WI | 1965 | 1973 |